J-S03019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BERNARD KENNETH SCHADE | : | |
| | : | |
| Appellant | : | No. 2411 EDA 2018 |

Appeal from the Order Entered July 5, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000681-2014,
CP-45-CR-0000917-2014

BEFORE:  BENDER, P.J.E., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED MAY 03, 2019**

Appellant, Bernard Kenneth Schade, appeals the July 5, 2018 denial of his third petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We quash.

The PCRA court summarized the relevant facts as follows.

> In case number 681 CR 2014, [Appellant] was charged by criminal information with one count each of rape—forcible compulsion, involuntary deviate sexual intercourse with person less than 16 years of age, aggravated indecent assault with person less than 16 years of age, statutory sexual assault, and corruption of minors.  [Appellant pleaded guilty to statutory sexual assault] on July 14, 2014.   The underlying facts in connection with [Appellant's] plea were that between 1995 and 1997, [Appellant] had sexual relations with S.T., a person less than 16 years of age.
>
> In case number 917 CR 2014, [Appellant] was charged with 1,101 counts of child pornography and one count each of criminal solicitation and tampering/fabricating physical evidence. [Appellant pleaded guilty to two counts of child pornography] on July 14, 2014.   The underlying facts in connection with

[Appellant's] plea [at 917 CR 2014] were that he possessed two suitcases that contained photographs of child pornography.

[Appellant] was sentenced in both cases on January 7, 2015, to a total, aggregate term of 54 to 120 months of incarceration. [Appellant] was also ordered to register as a sexual offender for his lifetime under 42 Pa. C.S.A. § 9799.23.

On January 16, 2015, [Appellant] filed a post-sentence motion to modify his sentence. After [a] hearing, [the] motion was denied by opinion and order dated April 15, 2015. No appeal was filed, but on April 29, 2015, [Appellant] filed his first, *pro se* PCRA, which [the PCRA court] dismissed as premature. On July 7, 2015, [Appellant] filed his second PCRA, with the assistance of retained counsel. On November 9, 2015, [the PCRA court] denied relief and [Appellant] appealed. On November 3, 201[6], th[is C]ourt affirmed [the denial of relief] and on August 2, 2017, the Pennsylvania Supreme Court denied allowance of appeal.

On July 19, 2017, [during the pendency of Appellant's request for allowance of appeal], the Pennsylvania Supreme Court decided **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), and, in response to said decision, [Appellant] filed this, his third PCRA [petition], on November 6, 2017. [The PCRA court] appointed counsel for [Appellant] and held a hearing on March 5, 2018. Counsel for [Appellant] did not file an Amended PCRA [petition] but indicated at the hearing that the only issue to be discussed was a legal issue concerning [registration under the Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.42], and requested a briefing schedule. [After the parties submitted timely briefs, the PCRA court dismissed Appellant's petition as untimely on July 5, 2018. Since the 30-day appeal period ended on Saturday, August 4, 2018, this timely appeal followed on August 6, 2018, which was the Monday which followed the conclusion of the appeal period. **See** 1 Pa.C.S.A. § 1508.]

PCRA Court Opinion, 7/5/18, at 1-2.

Appellant's brief raises the following questions for our review.

1. When a statute of limitations expires on an alleged crime, rendering it unprosecutable [sic] to *ex post facto* prohibitions, does a common pleas court lose jurisdiction, to entertain its

prosecution, under Article V § 5 of the Pennsylvania Constitution and 42 § 931(a), as such a crime is no longer "cognizable by law?"

2. Is Appellant's challenge to the coerced guilty plea, for crimes the statute of limitations expired on, thereby implicating a court's subject matter jurisdiction, timely, when the PCRA was filed before [**Class v. Unites States**, 138 S.Ct. 798 (2018)] was announced; although, PCRA counsel failed and refused to address **Class** and the PCRA court refused to accord Appellant his Constitutional right to self represent?

3. Does the PCRA's timelines clause divest a litigant of a vehicle to address a court's lack of jurisdiction over charges a statute of limitations expired on, when dismissal can only be ordered if the prosecution pleads and proves prejudice under 42 § 9543(b)?

4. Does a PCRA court obstruct the administration of justice in thwarting Appellant's right to self represent, in a design to prevent litigation of the court's lack of jurisdiction over charges the statute of limitations expired on, when it refuses to recognize *pro se* motions filed pursuant to Pa.R.Crim.P. 121?

5. Does a PCRA court err in refusing to provide relief from a sentence, found to be illegal and unconstitutional under [**Muniz**] in reliance on a timeliness claim when **Muniz** was not "final" until *certiorari* was denied?

Appellant's Brief at 4-5.

Before we consider the merits of Appellant's claims, we first determine whether this appeal is properly before us. Appellant, on August 6, 2018, filed a single notice of appeal listing two docket numbers, rather than separate notices of appeal at both dockets in accordance with Pa.R.A.P. 341. Because of this procedural misstep, we are constrained to quash.

In **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), our Supreme Court recognized that the "Official Note to Rule 341 provides a bright-line

mandatory instruction [] to file separate notices of appeal.... The failure to do so requires the appellate court to quash the appeal." *Id.* at 976-977. The Court, however, determined that the failure to file separate notices of appeal would result in quashal only for appeals filed after the date of that decision, *i.e.*, June 1, 2018. The instant appeal was filed on August 6, 2018. Therefore, the rule announced in *Walker* governs.

On October 9, 2018, this Court issued an order directing Appellant to show cause why the appeal should not be quashed pursuant to *Walker*. Appellant filed a response. In his response, Appellant pointed out that he took his appeal from a single order, that there were no co-defendants or competing interests involved in this appeal, and that all issues on appeal were intertwined and related to the sole order challenged on appeal. *See* Appellant's Answer to Rule to Show Cause Order, 10/15/18, at 2. In addition, Appellant argued that the *Walker* decision was not available at SCI Coal Township where he is confined and that he therefore lacked notice and guidance as to the application of Pa.R.A.P. 341. *See* Appellant's Answer to Rule to Show Cause Order, 10/15/18, at 1 and 3. By order entered November 1, 2018, this Court discharged its rule to show case and referred the matter to this merits panel.

*Walker* mandates that, after June 1, 2018, failure to file separate notices in accordance with the Official Note to Rule 341(a) "will result in quashal of the appeal." *Walker*, 185 A.3d at 977. The Supreme Court did not carve out any exceptions and we have no authority to do so. Appellant's observations that his appeal stemmed from a single order, that there were no

- 4 -

co-defendants or competing interests involved, and that his claims are intertwined are common features encountered in multi-docket appeals and do not furnish grounds for disregarding **Walker**.  Moreover, the plain text of the commentary to Rule 341 found in the version of the appellate rules which were available to Appellant states, "Where, however, one or more orders resolves issues arising on more than one docket or relating to more than one judgment, **separate notices of appeal must be filed**."  Pa.R.A.P. 341 cmt. (from Pennsylvania Rules of Court, Volume I – State, 2018 which includes amendments issued up to December 15, 2017) (emphasis added); Appellant's Answer to Rule to Show Cause Order, 10/15/18, at 3 para. 1(F) (noting that prison law library possessed printed copy of 2018 Pennsylvania Rules of Court published by Thompson Reuters).  Accordingly, we reject Appellant's claim that he lacked notice of his obligation to file notices of appeal at each docket number.  Therefore, we must quash the appeal.[1]

---

[1]  Even if we did not quash the instant appeal, we would concur in the PCRA court's conclusion that Appellant's petition was untimely.  As the PCRA court noted, Appellant's judgment of sentence became final 30 days after the denial of his post-sentence motion on April 15, 2015 since no direct appeal was taken.  As such, a timely PCRA petition was due no later than May 15, 2016.  Because Appellant filed the instant petition on November 6, 2017, his submission was facially untimely.

Appellant relies on **Muniz** to invoke the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii), commonly referred to as the "newly-recognized constitutional right" exception.  Our current case law is clear, however, that **Muniz** does not support the newly-recognized constitutional right exception because our Supreme Court has not expressly held that **Muniz** applies retroactively.  **See Commonwealth v. Murphy**, 180 A.3d 402, 405-406 (Pa.

_____

Super. 2018) (to validly invoke timeliness exception at § 9545(b)(1)(iii), petitioner must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively). Thus, Appellant's reliance on *Muniz* does not validly invoked the timeliness exception at § 9545(b)(1)(iii).

Even if *Muniz* supported application of the exception found at § 9545(b)(1)(iii), we would nevertheless conclude that Appellant's petition was untimely since he failed to satisfy the 60-day filing requirement referred to in § 9545(b)(2). The PCRA court explained that Appellant's November 6, 2017 petition was untimely because he failed to file it within 60 days of July 19, 2017, the date on which our Supreme Court issued its decision in *Muniz*. Although the court erred in construing the issuance date of the *Muniz* decision as triggering the 60-day filing period set forth in § 9545(b)(2), the court correctly held that Appellant's petition was untimely. We explain.

Appellant could not file the instant petition while his appeal from a prior petition was pending. In addressing the interplay between the pendency of a prior PCRA appeal and the filing of a subsequent petition in which the petitioner seeks to invoke an exception to the PCRA's timeliness requirement, our Supreme Court stated:

> [W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review. If the subsequent petition is not filed within one year of the date when the judgment became final, then the petitioner must plead and prove that one of the three exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1) applies. The subsequent petition must also be filed within sixty days of the date of the order which finally resolves the previous PCRA petition; because this is the first "date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

*Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000). Here, the Supreme Court denied further review of Appellant's prior PCRA petition on August 2, 2017. Using this date as the trigger for the 60-day filing period under § 9545(b)(2), Appellant needed to file his petition no later than October 2, 2017, the Monday following the conclusion of the 60-day period on Sunday, October 1, 2017. *See* 1 Pa.C.S.A. § 1508. Because Appellant filed the instant

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/19

---

petition on November 6, 2017, he failed to comply with the 60-day requirement set forth in § 9545(b)(2) and his petition would be time-barred.